IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES H. BROOKS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]   CIVIL ACTION NO. 97-P-2733-S |
| | ] |
| UNITED STATES BUREAU OF | ] |
| PRISONS HEALTH DEPARTMENT, | ] |
| WARDEN J. L. SIVLEY, | ] |
| R. COTT, PA, | ] |
| and KATHLEEN HAWKS, | ] |
| | ] |
| Defendants. | ] |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation wherein it was recommended that the plaintiff's claims that Warden Sivley, Kathleen Hawk, and the Health Department Services failed to provide him adequate medical treatment be dismissed. On February 26, 1998, the plaintiff filed objections, claiming that Warden Sivley should not be dismissed because he knew that the plaintiff was being denied medical treatment and failed to remedy that problem.

Because the plaintiff's allegations in his complaint were vague, he was ordered to file an amended complaint, without reference back to the allegations in the original complaint, which he did. The allegations in the amended complaint, along with the exhibits the plaintiff

filed with the original complaint, will determine whether this action should be dismissed as frivolous.[1]

The plaintiff alleges the following in his amended complaint. "The time is 13:51, I am in severe Pain: The officer on duty called the F.C.I. Hospital, the duty P.A.R. Cott told her to send me to the Pill line at 5:00 PM (1700) so I was refused treatment at the time I needed it." Even though the plaintiff claims in his amended complaint that he has "made numerous requests for treatment and furnished medical care," he does not state why he needed treatment, when he requested treatment, to whom he submitted his requests, or what responses he received.

On April 18, 1997, the plaintiff filed a grievance with Warden Sivley. On April 29, 1997, Warden Sivley responded as follows:

> An investigation of your complaint reveals on April 11, 1997, at approximately 1:00 P.M., the Physician's Assistant (PA), received a call from Beta-A Unit Officer indicating you wanted to see him because of leg pain. Since the PA was unable to see you at that time, he told the unit officer to have you report to the 5:00 PM pill line that same afternoon. The PA at that pill line stated when you arrived, he asked you what you were there for and you responded by saying you did not know. You stated to him the lieutenant had instructed you to go to the pill line. The PA stated you did not present any medical complaints to him at that time.

*Plaintiff's Exhibit "B."*

The plaintiff appealed the Warden's response to the Regional Director. In that appeal, the plaintiff stated that "the PA stated he did not know my problem, he had nothing to do with it. Said he did not want to see me. . . . [I] was denied treatment when I needed it."

---

[1] The exhibits concern the plaintiff's trip through the prison's administrative grievance procedure and contain information relevant to the plaintiff's claim.

2

The Regional Director concluded that the Warden's response was correct. The plaintiff then appealed to the General Counsel and, for the first time, mentioned his back. He stated that "the complaint was not about my leg; but a pinched nerve or slipped disc in my back." The plaintiff added, "I have requested a MRI! So do what you will do to this BP-11 so I can go to court. I was denied medical treatment that's a fact! I am still in a lot of pain." Ed Crosley, Administrator, National Inmate Appeals, reviewed the plaintiff's medical records and provided the following summary which the plaintiff submitted to the court:

> [O]n March 22, 1997, you complained of left leg pain. You were evaluated by a mid-level practitioner who found tenderness over the low back region, and you were prescribed medication for pain. You were evaluated on several occasions for this complaint and referred to an orthopedic consultant on April 25, 1997.
> On May 19, 1997, prior to your evaluation by the orthopedic consultant, you were transferred to FCI Marianna for a Parole Board Hearing. You returned to FCI Talladega on July 28, 1997. At sick call, you were evaluated for your recurrent low back/hip complaint and again referred to the orthopedic consultant on August 7, 1997. You are once again scheduled to be evaluated by the orthopedic specialist in October 1997. The Clinical Director does not feel an MRI is needed at this time as you request.

*Plaintiff's Exhibit "F."*

To establish a violation of the Eighth Amendment for inadequate medical care, a prisoner must show that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989). "Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)(*quoting Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Mere negligence is insufficient to

support a constitutional claim. *Harris*, 941 F.2d at 1505. *See also Mandel*, 888 F.2d at 787; *Barfield v. Brierton*, 883 F.2d 923, 938 (11th Cir. 1989). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. *See also Harris*, 941 F.2d at 1505; *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Therefore, an accidental or inadvertent failure to provide medical care or negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *Estelle*, 429 U.S. at 106. "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris*, 941 F.2d at 1505.

Two components must be evaluated to determine whether the plaintiff has been subjected to cruel and unusual punishment. "First, [the court] must evaluate whether there was evidence of a serious medical need; if so, [it] must consider whether [the defendants'] response to that need amounted to deliberate indifference." *Mandel*, 888 F.2d at 788. A medical need is serious if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Estelle v. Gamble,* 429 U.S. at 104. "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992).

While the documents attached to the complaint indicate that the plaintiff has a back problem, the plaintiff does not allege in his complaint that he had any medical problem

4

except "severe pain." If this assertion is treated as a serious medical need, there is no evidence that the need was treated with deliberate indifference. The plaintiff himself states that the health unit was contacted when he complained of pain around 2:00 p.m. and that he was told to go to pill call at 5:00 p.m., only three hours later.[2]

The plaintiff's complaint centers around his allegation that he did not get medical treatment the moment he requested it. It is clear that "[s]ome delay in rendering medical treatment may be tolerable depending on the nature of the medical need and the reason for the delay." *Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995). However, it is only when "delay in access to medical care . . . is 'tantamount to "unnecessary and wanton infliction of pain,"' [that it] may constitute deliberate indifference to a prisoner's serious medical needs." *Id.* (*quoting Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.), *cert. denied*, 496 U.S. 928 (1990)). To succeed on a claim "that delay in medical treatment rose to a constitutional violation," an inmate "must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment." *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d at 1188. *See also Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); *Martin v. Tyson*, 845 F.2d 1451, 1458 (7th Cir.) *cert. denied*, 488 U.S. 863 (1988).

The plaintiff has failed to allege any facts to show that his condition worsened as a result of the three hour delay. The plaintiff's vague and conclusory allegation that he was

---

[2] Although during the administrative grievance procedure the plaintiff switched from talking about pain in his leg to pain in his back and about being still in pain, the only claim before this court is that there was a delay of three hours in providing medical treatment for his "severe pain" on the one particular occasion in question. If the plaintiff wants to claim that a person or persons were deliberately indifferent to a serious medical need on another occasion, he should file another action.

"refused treatment at the time I needed it" fails to state a claim of constitutional proportion and is due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the plaintiff's objections, the Court is of the opinion that the recommendation that this action be dismissed as to the United States Bureau of Prisons, Warden J. L. Sivley, and Bureau of Prisons Director Kathleen Hawk is due to be accepted and adopted as the findings of the court. The court further finds that the plaintiff has failed to state a claim upon which relief can be granted as to the physician's assistant, R. Cott. Therefore, the complaint is due to be dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b). An order of dismissal will be entered in accordance with this memorandum of opinion.

DONE this 18 day of March, 1998.

SAM C. POINTER, JR.
CHIEF UNITED STATES DISTRICT JUDGE